IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,    Criminal No. 17-0195
                                         ELECTRONICALLY FILED

   v.

JOSHUA WILLIAMS,

       Defendant.

**MEMORANDUM ORDER DENYING DEFENDANT JOSHUA WILLIAMS' *PRO SE* FEDERAL PETITION TO INTERPRET AND ENFORCE STATE PLEA AGREEMENT (Doc. 80), *PRO SE* MOTION FOR LEAVE OF COURT TO FILE *PRO SE* (Doc. 81), *PRO SE* FIRST AMENDED PETITION TO INVALIDATE OR DISREGARD THE INTERVENING ARREST PROVISION (Doc. 83), *PRO SE* MOTION TO DISREGARD 21 U.S.C. § 862(A)(1)(C) (Doc. 85), AND *PRO SE* MOTION FOR BOND PENDING SENTENCING FOR MENTAL HEALTH AND DRUG ABUSE TREATMENT (Doc. 87)**

Pending before this Court are three *pro se* motions, Defendant Joshua Williams' Motion for Leave of Court to File Pro Se (Doc. 81), Defendant's Motion to Disregard 21 U.S.C. § 862(a)(1)(C) (Doc. 85), and Defendant's Motion for Bond Pending Sentencing for Mental Health and Drug Abuse Treatment (Doc. 87), and two *pro se* petitions, Defendant's Federal Petition to Interpret and Enforce State Plea Agreement (Doc. 80) and Defendant's First Amended Petition to Invalidate or Disregard the Intervening Arrest Provision (Doc. 83). Defendant also has filed two *pro se* supplements to his two *pro se* petitions (Doc. 82, Doc. 84), and numerous letters in support of Defendant (Doc. 86).

By way of his Motion for Leave of Court to File Pro Se, Defendant seeks leave of court to file all of the other, above-listed motions, petitions, and supplements *pro se*, even though Defendant is represented by counsel, Michael DeMatt, Esquire. (Doc. 81 at 3).

In his Motion for Leave of Court to File Pro Se (Doc. 81), Defendant acknowledges that he does not have a "right to hybrid representation, and [he] cannot choreograph special appearances from counsel," but argues "I do have the right to be heard in my own words." (Doc. 81 at 2).

Defendant is incorrect that while he is represented by counsel, he also has the right to be heard in his "own words" in the form of filing motions, petitions, and supplements that raise substantive legal claims and arguments such as those set forth in his pending motions (Doc. 85, Doc. 87), petitions (Doc. 80, Doc. 83), and supplements (Doc. 82, Doc. 84). To the contrary, it is well established that: (1) a criminal defendant who currently is represented by counsel, as is Defendant, is not entitled to "hybrid representation" i.e., said defendant is not entitled to litigate certain issues *pro se* while defense counsel forwards other claims; and (2) a court is not obligated to consider *pro se* motions when a defendant is represented by counsel. *See McKaskle v. Wiggins*, 465 U.S. 168, 183(1984) (finding no constitutional right to hybrid representation); *U.S. v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (declining to consider Defendant's *pro se* arguments while he was represented by counsel on appeal in part because of appellate court "longstanding prohibition on 'hybrid representation'"); *U.S. v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008) (concluding, "[t]he Constitution does not confer a right to proceed simultaneously by counsel and *pro se*, and the District Court was not obligated to consider [Defendant's] pro se motions in light of his being represented by counsel on direct appeal").

Thus, because Defendant is represented by counsel, the Court hereby **DENIES** Defendant's *pro se* Motion for Leave of Court to File Pro Se (Doc. 81). The Court

further **DENIES** Defendant's *pro se* Federal Petition to Interpret and Enforce State Plea Agreement (Doc. 80), Defendant's *pro se* First Amended Petition to Invalidate or Disregard the Intervening Arrest Provision (Doc. 83), Defendant's *pro se* Motion to Disregard 21 U.S.C. § 862(a)(1)(C) (Doc. 85), and Defendant's *pro se* Motion for Bond Pending Sentencing for Mental Health and Drug Abuse Treatment (Doc. 87) **WITHOUT PREJUDICE** to defense counsel's ability to assert, in a counseled motion, any of the arguments contained in Defendant's *pro se* motions (Doc. 85, Doc. 87), petitions (Doc. 80, Doc. 83), and supplements (Doc. 82, Doc. 84), if counsel deems it appropriate.

Defense counsel shall provide a copy of this Memorandum Order to Defendant.

SO ORDERED this 18th day of October, 202.1

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc: Counsel of Record