**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA,**

           **Plaintiff,**

    **v.**

**JOSHUA WILLIAMS**

         **Defendant.**

        **Criminal No. 17-00195
ELECTRONICALLY FILED**

**<u>TENTATIVE FINDINGS AND RULINGS AS TO DEFENDANT'S OBJECTIONS TO
FINAL PRESENTENCE INVESTIGATION REPORT (Doc. 41)</u>**

AND NOW, this 22nd day of September, 2022, in accordance with Fed. R. Crim. P. 32(i) and Local Criminal Rule of Court LCrR 32(C)(7), the Court makes the following tentative findings and rulings regarding the below listed "motions" and "petitions" filed *pro se* by Defendant Joshua Williams,[1] which upon review of said documents, the Court determines to be objections to Defendant's Final Presentence Investigation Report (Doc. 41): (1) "Motion to Disregard 21 USC 862(a)(1)(C)" (Doc. 106); (2) "Third Amended Petition to Invalidate or Disregard the Intervening Arrest Provision" (Doc. 107); (3) "Second Amended Petition to Interpret and Enforce State Plea Agreement," (Doc. 109); (4) "Motion to Disqualify 18 Pa.C.S. 3701(A)(1)(i) as a Career Offender Predicate." (Doc. 111); (5) "Motion to Accept Formal Consolidation Order" (Doc. 113); and (6) Defendant's "Motion to Remove Listed Detainer" (Doc. 121).[2]

---

[1] All of these documents are filed *pro se* because, by Order of Court dated March 1, 2022, this Court permitted Defendant to represent himself *pro se*.   (Doc. 102).

[2] Defendant has also filed a "Motion for Sentencing Guideline Departures" (Doc. 122), which will be ruled on at Defendant's sentencing hearing.

I.      BACKGROUND

On July 25, 2017, Defendant was charged by Indictment with: (1) robbery of a pharmacy, in violation of 18 U.S.C. § 2118(a) (Count 1); (2) possession with intent to distribute a quantity of oxycodone, Vyvanse, amphetamine salts, methylphenidate, daytrana, dexmethylphenidate, concerta, hydromorphone, morphine sulfate, opana, oxymorphone, oxycontin, hysingla er, methadone, hydrocodone, Adderall, belladonna-opium, and fentanyl patches, each a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2); and (3) robbery of a motor vehicle, in violation of 18 U.S.C. § 2119 (Count 3).  (Doc. 1)

On April 18, 2018, Defendant pled guilty to all 3 counts of the Indictment, without a plea agreement.  (Doc. 36).

On August 10, 2018, the United States Probation Office ("Probation Office") filed its Final Presentence Investigation Report ("PSIR").  (Doc. 41).

On August 20, 2018, Defendant, then represented by counsel, filed his Objections/ Position with Respect to the Presentence Report.  (Doc. 43).  On August 21, 2018, Defendant filed an Errata with respect to his Objections/Position with Respect to the Presentence Report, to correct the title.  (Doc. 45).  Defendant had one objection, to Paragraph 68 of the Presentence Report: "Paragraph 68 of the Presentence Report states that 'there was no specific diagnosis for the seizures.'  To the contrary, Defendant has been diagnosed with 'Generalized Seizure Disorder.'  This Objection is only for the purposes of clarity/accuracy and does not affect Defendant's Guideline Sentence."  (Doc. 43, Doc. 45).[3]

Defendant's sentencing hearing was set for September 17, 2018.  (Doc. 38).  On August 23, 2018, Defendant filed a motion to continue the sentencing hearing, which was granted on

---

[3] Because this objection does not affect Defendant's sentencing, *see* Crim. R. P. 32(i)(3)(B), the Court does not need to issue tentative findings or conclusions of law with respect thereto.

August 27, 2018.  (Doc. 46, Doc. 47).  This was the first of many motions to continue sentencing filed by Defendant in this case.  (Doc. 49, Doc. 51, Doc. 53, Doc. 55, Doc. 57, Doc. 60, Doc. 68, Doc. 78, Doc. 89).  Ultimately, sentencing was set for September 28, 2022.  (Doc. 90).

On August 29, 2018, the Probation Office filed an Addendum to the PSIR.  (Doc. 48).  In it, the Probation Office acknowledged the clarification noted by Defendant; "[h]owever, the Probation Office has no records confirming this diagnosis."

On January 19, 2021, Defendant's first counsel, Kenneth Haber, filed a motion to withdraw as counsel, which this Court granted on February 5, 2021, the same date the Court appointed Michael DeMatt as Defendant's new attorney of record.  (Doc. 71, Doc. 74, Doc. 75).

On February 21, 2022, Defendant's new counsel filed a "Motion to Withdraw as Counsel/Reappoint as Standby Counsel."  (Doc. 98).  On March 1, 2022, a conference was held as to the "Motion to Withdraw as Counsel/Reappoint as Standby Counsel," during which Defendant was questioned extensively by the Court with respect to Defendant's desire to represent himself with respect to his sentencing.  (Doc. 101).  Ultimately, the Court granted the "Motion to Withdraw as Counsel/Reappoint as Standby Counsel," thus permitting Defendant to represent himself, and appointing Attorney DeMatt as standby counsel in this matter.  (*Id.*, Doc. 102).

At the March 1, 2022 status conference, it was discussed that Defendant wanted to file a number of motions related to his sentence.  Thereafter, on May 6, 2022, the Court issued a scheduling Order whereby "[a]ny motions related to sentencing shall be filed no later than May 27, 2022."  (Doc. 105).

On May 27, 2022, Defendant filed nine motions he deemed related to sentencing. (Doc. 106, Doc. 107, Doc. 108, Doc. 109, Doc. 110,  Doc. 111, Doc. 121, Doc. 122, Doc. 123), as well as a "Letter of Clarification in Support of Motions" (Doc. 112).

On June 7, 2022, Defendant filed a tenth motion he deemed related to sentencing. (Doc. 113).

On June 24, 2022, the Government filed an Omnibus Response to Defendant's Sentencing Motions filed at Doc. 106, Doc. 107, Doc. 108, Doc. 109, Doc. 110, and Doc. 111. (Doc. 120).

On July 12, 2022, the Government filed a Supplemental Response to Defendant's Sentencing Motions filed at Doc. 121, Doc. 122, and Doc. 123.  (Doc. 125).

On July 26, 2022, Defendant filed a motion seeking to withdraw his sentencing motion filed at Doc. 108.  (Doc. 126).  On July 28, 2022, the Court granted Defendant's motion to withdraw his sentencing motion at Doc. 108, and withdrew and terminated the sentencing motion filed at Doc. 108.   (Doc. 127).

Also on July 26, 2022, Defendant filed replies to the Government's Omnibus Response and Supplemental Response to his sentencing motions.  (Doc. 125, Doc. 128, Doc. 129, Doc. 130, Doc. 131, Doc. 132, Doc. 133, Doc. 134).

On August 30, 2022, by Memorandum Orders, the Court: (1) denied Defendant's Motion to Assume Jurisdiction, which had been filed at Doc. 110; and (2) granted, to the extent set forth in the Memorandum Order, Defendant's Motion for Return of Property.  (Doc. 137, Doc. 138).

On September 6, 2022, Defendant filed "Letters and Certificates in Support of Motion for Sentencing Guidelines Departure," which is filed at Doc. 122.  (Doc. 142).

On September 8, 2022, defense counsel filed, on behalf of Defendant, a Notice Requesting Court Ruling as to Doc. 109, Defendant's "Motion to Accept Formal Consolidation Order."  (Doc. 141, Doc. 143).

On September 14, 2022, the Government filed its "Response to Defendant's Sentencing Motion Filed at ECF No. [113]."  (Doc. 146).

On September 19, 2022, Defendant filed, through his standby counsel, a Reply to the Government's September 14, 2022 Response.  (Doc. 147).

On September 20, 2022, Defendant filed a video in further support of his "Motion for Sentencing Guideline Departures."  (Doc. 148).

## II.  DISCUSSION

### A.  Defendant's "Motion to Disregard 21 USC 862(a)(1)(C)" (Doc. 106) is an objection to paragraph 94 of the PSIR

Pending is Defendant's "Motion to Disregard 21 USC 862(a)(1)(C)."  (Doc. 106).  By way of this "Motion," Defendant contends that he should not be subjected to permanent ineligibility for all federal benefits pursuant to 21 U.S.C. § 862(a)(1)(C), as set forth in paragraph 94 of the PSIR.  (Doc. 106).  Thus, the Court interprets this "Motion" to be Defendant objecting to paragraph 94 of the PSIR.

In response, the Government first states: "The Government believes that Mr. Williams is correct in his interpretation of 21 U.S.C. § 862. . . .  Here, Mr. Williams was convicted at Count Two of the Indictment of possession with intent to distribute certain scheduled controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  The essential elements of this office do not include an element of distribution."  (Doc. 120 at 15).

The Government further asserts:

> [T]hat § 862(b)(1)(B) likely applies to Mr. Williams. . . .   By pleading guilty to Count Two of the Indictment, Mr. Williams admitted to possessing the controlled substances charged in Count Two, and the PSIR reflects that Mr. Williams was previously convicted of at least one other drug offense involving the unlawful possession of a controlled substance (making this conviction a second or subsequent "possession" offense).

(*Id*. at 16) (citing PSIR, Doc. 41 at ¶¶ 43, 46, 48).

In reply, Defendant asserts that this Court should disregard all ineligibility requirements of 21 U.S.C. § 862, including § 862(b)(1)(B), because he has satisfied all of the requirements set forth in Section 862.  (Doc. 133).

Title 21, United States Code, section 862 provides in pertinent part:

> (a)  Drug traffickers
>
> (1) Any individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall—
>
> (A) at the discretion of the court, upon the first conviction for such an offense be ineligible for any or all Federal benefits for up to 5 years after such conviction;
>
> (B) at the discretion of the court, upon a second conviction for such an offense be ineligible for any or all Federal benefits for up to 10 years after such conviction; and
>
> (C) upon a third or subsequent conviction for such an offense be permanently ineligible for all Federal benefits.
>
> (b) Drug possessors
>
> (1) Any individual who is convicted of any Federal or State offense involving the possession of a controlled substance (as such term is defined for purposes of this subchapter) shall—
>
> (A) upon the first conviction for such an offense and at the discretion of the court—
>
> (i)  be ineligible for any or all Federal benefits for up to one year;

(ii) be required to successfully complete an approved drug treatment program which includes periodic testing to insure that the individual remains drug free;
(iii) be required to perform appropriate community service; or
(iv) any combination of clause (i), (ii), or (iii); and

(B) upon a second or subsequent conviction for such an offense be ineligible for all Federal benefits for up to 5 years after such conviction as determined by the court. The court shall continue to have the discretion in subparagraph (A) above. In imposing penalties and conditions under subparagraph (A), the court may require that the completion of the conditions imposed by clause (ii) or (iii) be a requirement for the reinstatement of benefits under clause (i).

(2) The penalties and conditions which may be imposed under this subsection shall be waived in the case of a person who, if there is a reasonable body of evidence to substantiate such declaration, declares himself to be an addict and submits himself to a long-term treatment program for addiction, or is deemed to be rehabilitated pursuant to rules established by the Secretary of Health and Human Services.

(c) Suspension of period of ineligibility

The period of ineligibility referred to in subsections (a) and (b) shall be suspended if the individual—

(A) completes a supervised drug rehabilitation program after becoming ineligible under this section;

(B) has otherwise been rehabilitated; or

(C) has made a good faith effort to gain admission to a supervised drug rehabilitation program, but is unable to do so because of inaccessibility or unavailability of such a program, or the inability of the individual to pay for such a program.

21 U.S.C. § 862.

With respect to paragraph 94 of the PSIR, the Court finds, as Defendant asserts, and the Government does not dispute, that Defendant has not "been convicted of a third or subsequent drug distribution offense, as required to be permanently ineligible for all federal benefits pursuant to 21 U.S.C. § 862(a)(1)(C).

7

The Court further finds, however, that, as asserted by the Government, by pleading guilty to Count Two of the Indictment, because Defendant has at least one prior conviction for possession of controlled substances (*see* Doc. 41 at ¶¶ 44, 46, 48), 21 U.S.C. § 862(b)(1)(B) is applicable to Defendant.

Accordingly, Defendant's objection to paragraph 94 of the PSIR is SUSTAINED as follows: paragraph 94 of Defendant's PSIR must be amended by the United States Probation Office to reflect that 21 U.S.C. § 862(a)(1)(C) is not applicable to Defendant, but that 21 U.S.C. § 862(b)(1)(B) is applicable to Defendant.

The Court will address Defendant's request in his reply brief (Doc. 133), which was not raised in Defendant's original "Motion to Disregard 21 USC 862(a)(1)(C)," (Doc. 106), that the Court should disregard all ineligibility requirements of 21 U.S.C. § 862, including § 862(b)(1)(B) as to Defendant, because he has satisfied all of the requirements set forth in 21 U.S.C. § 862, at Defendant's sentencing hearing.

### B. Defendant's "Third Amended Petition to Invalidate or Disregard the Intervening Arrest Provision" (Doc. 107) is an objection to paragraphs 36 and 52 of the PSIR

Also pending is Defendant's "Third Amended Petition to Invalidate or Disregard the Intervening Arrest Provision."  (Doc. 107).  By way of this "Petition," Defendant contends that the Court must disregard or invalidate Section 4A1.2(a)(2) of the advisory Sentencing Guidelines in determining whether Defendant is a career offender pursuant to Section 4B1.1 of the Sentencing Guidelines, and instead, require an "Intervening Conviction" in determining if Defendant is a career offender under Section 4B1.1, which Defendant asserts, compels the conclusion that he is not a "career offender" under Section 4B1.1.  (*Id.* at 14).  (*See also*

Doc. 130 at 4 (arguing Section 994(h) "requires intervening convictions/prosecutions").  As

such, the Court interprets this "Petition" as an objection by Defendant to paragraphs 36 and 52 of

the PSIR.

At paragraph 36 of the PSIR, the Probation Office determined:

The defendant was at least 18 years old at the time of the instant offense, and has at least two prior felony convictions that are either a crime of violence or a controlled substance offense; specifically, Robbery – Inflict Serious Bodily Injury at Docket Number CR 11756-2009, and Possession With Intent to Distribute a Controlled Substance at Docket Nos. CR 13294-2009 and CR 17835-2009. As a result, the defendant is a Career Offender pursuant to USSG §4B1.1; therefore, the guideline calculations above are over-ridden pursuant to USSG §4B1.1(b). The offense level for a career offender where the statutory maximum term of imprisonment is 20 years or more, but less than 25 years is 32. USSG §4B1.1(b)(3).

(Doc. 41, ¶36).

At paragraph 52 of the PSIR, the Probation Office determined: "In addition, the

defendant is a Career Offender as defined at USSG §4B1.1, and thus his criminal history

category must be a VI. USSG §4B1.1(b)."  (*Id.*, ¶ 52).

*1.  Relevant Sentencing Guidelines provisions*

Section 4B1.1 of the Sentencing Guidelines states:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. 4B1.1(2).

The term, "two prior felony convictions," as used in Section 4B1.1, then is

defined in Section 4B1.2(c), as follows:

(c) The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled

substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

U.S.S.G. 4B1.2.

The "intervening arrest" provision set forth in Section 4A1.2(a)(2) then is implicated in that, in determining whether sentences for prior "felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)," *supra*., Section 4A1.2 provides in pertinent part:

(a) Prior Sentence

(1) The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense.

(2) If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence. See also § 4A1.1(e).

U.S.S.G. 4A1.2.

2.    *Parties' positions*

In support of Defendant's argument that Section 4A1.2(a)(2) must be invalidated or disregarded, Defendant first asserts that Section 4A1.2(a)(2) goes beyond what is authorized by Congress pursuant to 28 U.S.C. § 994(h) ("Section 994(h)"):

Contrary to the Sentencing Commission's declarations, Ultra Vires, they do not possess the legal authority to modify 28 USC 994(h), nor can they expand it's (sic.) scope.

Therefore, the Intervening Arrest provision (4A1.2(a)(2)) can be used to count prior <u>sentences</u> separately under Chapter Four Part A (4A1.1) pursuant to 28 USC 994(a)-(f) and (o) and (p); BUT CAN NOT be used to count prior <u>convictions</u> separately, as separate predicate offenses under the Career Offender Provision (4B1.1 et seq.) because of governing statute 28 USC 994(h).

(Doc. 107 at 4) (emphasis in original).

Title 28, United States Code, § 994(h) provides:

(h) The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and—

(1) has been convicted of a felony that is—

(A) a crime of violence; or
(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and chapter 705 of title 46; and

(2) has previously been convicted of two or more prior felonies, each of which is—

(A) a crime of violence; or
(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and chapter 705 of title 46.

28 U.S.C. § 994(h).

Defendant further argues that the term "[t]wo or more" in section 994(h) is ambiguous and the Sentencing Commission's interpretation of the term is unreasonable, and therefore, the Court must construe that ambiguity in Defendant's favor under the rule of lenity and require not intervening arrests, but intervening convictions, in determining whether Defendant is a career offender under Section 4B1.1. (Doc. 107 at 14); (Doc. 130 at 3-4). In support thereof, Defendant cites to numerous cases, including the decisions of the United States Court of Appeals

for the Third Circuit in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) and *United States*

*v. Nasir*, 4 F.th 459 (2021).

The Government responds first that Defendant's contention that the "intervening arrest"

provision is contrary to law is incorrect given that the plain language of Section 4A1.2(a)(2)

defines an "intervening arrest" as "the defendant is arrested for the first offense prior to

committing the second offense," and "'[w]hen construing the Guidelines, we look first to the

plain language, and where that is unambiguous we need look no further'."  (Doc. 120 at 7)

(quoting *U.S. v. Brown*, 578 F.3d 221, 227 (3d Cir. 2009)).

The Government further argues that Defendant's reliance on *Nasir*, 17 F.4th 459 (3d Cir.

2021) to invalidate the "intervening arrest" provision in Section 4A1.1(a)(2) is misplaced

because *Nasir* does not address the Guidelines "intervening arrest" provision set forth in Section

4A1.1(a)(2),  and "the rationale of *Nasir* does not apply to the issue raised by Defendant because

"there is no ambiguity in the plain language of Guidelines § 4A1.1(a)(2)."  (*Id*. at 7-8).

Defendant replies first: "[t]he Government's reliance on *Brown* is misplaced because it

has nothing to do with interpreting a statute (28 USC 994(h)) that specifically controls a

guideline (4B1.1 et. seq.)."  (Doc. 130 at 2-3).  Defendant then reiterates that his claim is that

Section 994(h)'s: "'[t]wo or more' is ambiguous, and the Sentencing Commission's

interpretation is unreasonable.  When we apply all the tools of statutory construction, including

lenity, they all support my position that 994(h)'s 'Two or more' requires intervening convictions/

prosecutions."  (*Id*. at 3-4).

3.  *The Court will not invalidate/disregard 28 U.S.C. § 994(h) in determining whether Defendant is a career offender under Section 4B1.1 of the Sentencing Guidelines*

Defendant contends that the provision in Section 994(h), that the defendant  "has previously been convicted of two or more prior felonies," is ambiguous, unreasonable, void, and thus, the "intervening arrest" provision must be invalidated/disregarded in determining whether Defendant is a "career offender" under Section 4B1.1 of the Sentencing Guidelines.  The Court disagrees.

First, contrary to Defendant's contention, the Court finds that the Sentencing Commission, in utilizing the "intervening arrest" provision in Section 4A1.2(a)(2) to determine when a defendant is a "career offender" under Section 4B1.1, did not exceed the authority granted to it by Congress.  *See U.S. v. LaBonte*, 520 U.S. 751,761 (1997) (stating, with respect to Section 994(h): "Congress has instructed the Commission to assure that the sentences of repeat offenders closely track the statutory maximum. The number of steps the Commission employs to achieve that requirement is unimportant, provided the Commission's mechanism results in sentences 'at or near' the 'maximum term authorized'.").  Section 994(h) cannot be read in a vacuum.  It must be read in conjunction with the other provisions set forth in 28 U.S.C. § 994, whereby Congress has given the Sentencing Commission broad authority in drafting the Guidelines, *see* 28 U.S.C. § 994(a)-(f).  *See, for example,*  28 U.S.C. § 994(a)(1)(B) (directing the Sentencing Commission to promulgate "guidelines [which define] the appropriate ... term of imprisonment"); N*eal v. U.S*., 516 U.S. 284, 291 (1996) (explaining, "[i]In fulfilling its mandate, the Commission has the authority to promulgate, review, and revise [now advisory] guidelines to 'establish a range of determinate sentences for categories of offenses and defendants according to various specified factors, among others") (quoting *Mistretta v. U.S*., 488 U.S. 361, 368 (1989)

(internal quotation marks omitted); *U.S. v. Dawson*, 32 F.4th 254, 266 (3d Cir. 2022) (explaining, "the 'purpose' behind, and policy of, the career offender Guidelines, *Nasir,* 17 F.4th at 471 (*citing Kisor*, 139 S. Ct. at 2415), [is to] implement Congress's desire to impose 'substantial prison terms' on 'repeat drug traffickers,' *Whyte*, 892 F.2d at 1174"); *U.S. v. Whyte*, 892 F.2d 1170, 1174 (3d Cir. 1989) (explaining, the purpose of section 994(h) [is] to impose "substantial prison terms" on "repeat drug traffickers") (quoting S.Rep. No. 225, 98th Cong., 2d Sess. 175, reprinted in 1984 U.S. Code Cong. & Admin.News 3182, 3358).  Once understood in said context, it is clear that in utilizing the "intervening arrest" provision in Section 4A1.2(a)(2) to determine when a defendant is a "career offender" under Section 4B1.1, the Sentencing Commission did not exceed the authority granted to it by Congress.[4]

Second, Defendant's contentions that: (1) the term "[t]wo or more" in section 994(h) renders the statute ambiguous; (2) the Sentencing Commission's interpretation of said term to require intervening arrests is unreasonable; and (3) therefore, the Court must, pursuant to the holdings of the Court of Appeals for the Third Circuit in  *U.S. v. Nasir*, 982 F.3d 144 (3d Cir. 2020) and *U.S. v. Nasir*, 4 F.th 459 (2021), construe that ambiguity in Defendant's favor under the rule of lenity,[5] and require intervening convictions (not intervening arrests) when determining whether Defendant is a "career offender" under Section 4B1.1, is incorrect.

---

[4] In so holding, the Court finds, that 28 U.S.C. § 994(i), which states in pertinent part: "The Commission shall assure that the guidelines specify a sentence to a substantial term of imprisonment for categories of defendants in which the defendant – (1) has a history of two or more prior Federal, State, or Local felony convictions for offenses committed on different occasions," does not, as Defendant contends, compel the conclusion, that the "intervening arrest" provision cannot be used to determine who is a career offender under Section 4B1.1 of the advisory Guidelines. Read together, these sections simply evidence Congress's intent that certain defendants should receive not just a "substantial term of imprisonment," as prescribed in Section 994(i), but a harsher punishment, by way of "a term of imprisonment at or near the maximum [statutory] term authorized," as prescribed in Section 994(h).

[5] The rule of lenity "gives citizens fair warning of what conduct is illegal, ensuring that ambiguous statutes do not reach beyond their clear scope."  *Nasir*, 17 F.4th at 473.   The rule of lenity "applies only when a criminal statute contains a 'grievous ambiguity or uncertainty,' and 'only if, after seizing everything from which aid can be derived,' the Court 'can make no more than a guess as to what Congress intended'."  *Ocasio v. U.S.*, 578 U.S. 282, 295 (2016) (quoting *Muscarello v. U.S*, 524 U.S. 125, 138–139, 1998).

In *Moskal v. United States*, 498 U.S. 103 (1990), the Supreme Court explained:

> [W]e have always reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to "the language and structure, legislative history, and motivating policies" of the statute. *Bifulco v. United States, supr*a, 447 U.S. at 387, 100 S.Ct. at 2252; *see also United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971) (court should rely on lenity only if, "[a]fter 'seiz [ing] every thing from which aid can be derived,' " it is "left with an ambiguous statute," quoting *United States v. Fisher*, 2 Cranch 358, 386, 2 L.Ed. 304 (1805) (Marshall, C.J.)).

*Moska*l, 498 U.S. at 108.

"Together, §§ 4A1.1 and 4A1.2 of the Guidelines provide the framework for determining whether multiple prior felony convictions must be counted as a single conviction or as separate convictions for purposes of one's status as a career offender" pursuant to Section 4B1.1.  *U.S. v. White*, 258 F. App'x. 462, 464 (3d Cir. 2007).  Upon reviewing the text, structure, legislative history, and motivating policies of Section 994(h), all detailed above, the Court finds that: (1) the term, "two or more," in Section 994(h) does not create an ambiguity; (2) the Sentencing Commission's interpretation of the term, "has previously been convicted of two or more prior felonies," to require, as part of determining whether a defendant has two prior predicate felonies, "an intervening arrest," is not unreasonable; and (3) the rule of lenity will not be applied to require that Defendant have had intervening convictions/prosecutions, and not intervening arrests, in determining whether Defendant is a career offender under Section 4B1.1.

Thus, for all the reasons set forth above, Defendant's objection to paragraphs 36 and 52 of the PSIR contained in Defendant's "Third Amended Petition to Invalidate or Disregard the Intervening Arrest Provision" (Doc. 107) is OVERRULED.

### C. Defendant's "Second Amended Petition to Interpret and Enforce State Plea Agreement" (Doc. 109) is an objection to paragraphs 36, 44-46, 48-49, and 51-52 of the PSIR

Also pending is Defendant's "Second Amended Petition to Interpret and Enforce State Plea Agreement." (Doc. 109). In this "Petition," Defendant requests that this Court apply Pennsylvania state law, and interpret the state court plea agreement Defendant entered into with respect to five state court criminal cases (collectively, Defendant's "State Court Cases"),[6] to mean that Defendant's State Court Cases were consolidated, and for sentencing purposes in this case, Defendant only has one sentence and one conviction with respect to all of his State Court Cases:

> On October 21, 2010, in the Allegheny County Court of Common Pleas, I pled guilty to a consolidated plea agreement, during a consolidated proceeding. My counsel and the prosecutor assured me that the cases were consolidated. I reasonably believed that all the criminal informations were consolidated into one action, one plea, one judgement, one conviction, and one sentence.

(*Id.* at 1). (*See also* Doc. 129). As such, the Court interprets this "Petition" to be an objection by Defendant to paragraphs 36, 44-46, 48-49, and 51-52 of the PSIR, all which are implicated by the arguments contained in Defendant's "Petition."

### 1. Parties' Positions

In support of his contention that upon applicable of Pennsylvania law, Defendant's State Court Cases were consolidated, and for sentencing purposes in this case, Defendant only has one sentence and one conviction with respect to all of his State Court Cases, Defendant has attached: (1) page 1 of a multi-page state court document captioned Commonwealth of Pennsylvania vs. Joshua A. Williams, Criminal Division 2009-13294, 2009-11756, 2009-13882, 2009-06775 [and] 2009-17835, titled "GUILTY PLEA EXPLANATION OF DEFENDANT'S RIGHTS;"

---

[6] The five Court of Common Pleas of Allegheny County cases are docketed at CP-02-CR-0006775-2009, CP-02-CR-0011756-2009, CP-02-CR-0013294-2009, CP-02-CR-0013882-2009, and CP-02-CR-0017835-2009.

and (2) three letters from Defendant's family members who state that they were present at the plea and sentencing hearing, and understood: (a) that the charges in the State Court Cases were consolidated into a single conviction (Harrison Williams); (b) all counts in the State Court Cases would merge into a single consolidated charge (Chris Williams); and (c) Defendant was pleading to a single, consolidated conviction in the State Court Cases (Janet Williams).  (Doc. 109-1, Doc. 109-2, Doc. 109-3, and Doc. 109-4).

Defendant also cites, in support thereof, to the docket sheets of the State Court Cases,[7] and asserts: (1) the docket sheet in Crim. No. 13294-2009 established that a motion hearing was held on May 12, 2010, where an oral motion for consolidation was granted, and Defendant's State Court Cases were consolidated pursuant to Pa. R. Crim. P. 582;[8] and (2) the docket sheets from the State Court Cases establish that all of the sentences were linked, and thus, the State Court Cases were consolidated.

---

[7] These docket sheets are found at Doc. 139.

[8] Rule 582 is titled "Joinder--Trial of Separate Indictments or Informations," and provides:

    (A) Standards
        (1) Offenses charged in separate indictments or informations may be tried together if:
        (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
        (b) the offenses charged are based on the same act or transaction.
        (2) Defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

    (B) Procedure
        (1) Notice that offenses or defendants charged in separate indictments or informations will be tried together shall be in writing and filed with the clerk of courts. A copy of the notice shall be served on the defendant at or before arraignment.
        (2) When notice has not been given under paragraph (B)(1), any party may move to consolidate for trial separate indictments or informations, which motion must ordinarily be included in the omnibus pretrial motion.

Pa. R. Crim. P. 582.

Finally, Defendant references all of the exhibits attached to his "Motion to Accept Formal Consolidation Order" (Doc. 113).  Attached to "Defendant's Motion to Accept Formal Consolidation Order" are numerous documents from the dockets of the State Court Cases for which Defendant was sentenced on October 21, 2010.  (Doc. 113-1 through Doc. 113-20).[9]

In response, the Government first contends that the evidence submitted by Defendant does not prove that Defendant's State Court Cases were consolidated under the Pennsylvania Rules of Criminal Procedure.  (Doc. 120 at 10).  The Government further argues that even if the State Court Cases were consolidated, said consolidation does not affect the computation of Defendant's criminal history under the Guidelines because Section 4A1.2(a)(c) instructs "that all prior sentences are considered separate unless there was no intervening arrest and 'the sentences resulted from offenses contained in the same charging instrument[,] or . . . were imposed on the same day'," and here:

> applying the plain language of the Current Guidelines, it is clear that Mr. Williams' prior sentences that were imposed on the same day – October 21, 2010 – count as separate sentences because they were they were (sic.) separated by intervening arrests (except, as noted above and in the PSIR, for the sentence at 13882-2009 because it was not separated from the case at 13294-2009 by an "intervening arrest").

(*Id*. at 10-11).

2. *Defendant has failed to establish that pursuant to Defendant and the Commonwealth of Pennsylvania's state court plea agreement, Defendant has only one sentence and one conviction with respect to his 5 State Court Cases*

In *Commonwealth  v. Hainesworth*, 82 A.3d 444, 449 (Pa. Super. 2013), the Pennsylvania Superior Court explained with respect to state court plea agreements, "even though a plea agreement arises 'in a criminal context, it remains contractual in nature and is to be analyzed

---

[9] These documents are also found at Doc. 140.

under contract law standards'." *Hainesworth*, 82 A.3d at 449 (citation omitted).  Further, "[a] determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances," "involves a case-by-case adjudication," and "[a]ny ambiguities in the terms of the plea agreement will be construed against the Government." *Commw. v. Farabaugh*, 136 A.3d 995, 1001–02 (Pa. Super. 2016) (citation omitted).

Having reviewed all of the documentation submitted by Defendant, for the reasons set forth below, these documents fail to establish, as Defendant argues, that Defendant and the Commonwealth entered into a plea agreement whereby Defendant's State Court Cases were consolidated "into one action, one plea, one judgement, one conviction, and one sentence," such that this Court must conclude, based upon the terms of the parties' plea agreement, that Defendant's State Court Cases were consolidated into a single conviction/sentence.[10]  (Doc. 109 at 1).

First, although Defendant asserts that during a May 12, 2010 motions hearing held at Crim. No. CP-02-CR-0013294-2009, an oral motion for consolidation was granted, neither the docket for Defendant's case at Crim. No. CP-02-CR-0013294-2009, nor any of the other relevant dockets indicate that any such oral motion for consolidation was granted.

---

[10] Defendant also relies upon *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013) to support his position.  (Doc. 109 at 4).  But *Davis* involved a North Carolina law, titled "Consolidation of Sentences," which provided: "If an offender is convicted of more than one offense at the same time, the court may consolidate the offenses for judgment and impose a single judgment for the consolidated offenses. The judgment shall contain a sentence disposition specified for the class of offense and prior record level of the most serious offense, and its minimum sentence of imprisonment shall be within the ranges specified for that class of offense and prior record level, unless applicable statutes require or authorize another minimum sentence of imprisonment."  N.C. Gen. Stat. Ann. § 15A-1340.15. Based upon this statues, the *Davis* court concluded: "when a North Carolina court consolidates offenses for judgment, the outcome is a single judgment for which the length of the sentence is controlled by the maximum sentence for the most serious offense."  *Davis,* 720 F.3d at 218.   Pennsylvania does not have an equivalent law, and thus, the *Davis* court's analysis is not applicable to this case.

Second, while Defendant asserts that his plea counsel and the prosecutor told Defendant that the cases were consolidated, such that Defendant would only have a single conviction and sentence with respect to his States Court Cases, and submits letters from family members in support thereof, (Doc. 109-2, Doc. 109-3, Doc. 109-4), having reviewed said letters, these letters fail to establish that Defendant's plea counsel and the prosecutor told Defendant that pursuant to the parties' plea agreement, his State Court Cases were consolidated and Defendant would only have a single conviction and sentence with respect to the State Court cases.

Third, and most importantly, reviewed in their totality, the documentation submitted by Defendant from his State Court Cases clearly establishes that: (1) the Commonwealth of Pennsylvania agreed to dismiss certain charges against Defendant in three of Defendant's State Court Cases,[11] and negotiated separate sentences in each of Defendant's five State Court Cases in exchange for Defendant's agreement to plead guilty to the non-dismissed charges in each of Defendant's five State Court Cases; and (2) ultimately, Defendant received separate sentences in each of Defendant's five State Court Cases.[12]  To the extent that these separate sentences were

---

[11] Defendant's Court of Common Pleas of Allegheny County cases docketed at CP-02-CR-0011756-2009, CP-02-CR-0013882-2009, and CP-02-CR-0017835-2009.

[12] Only a few pages from the October 21, 2010 Transcript are attached as exhibits in this case (See Doc. 111-1, Doc. 131). Pages 1 through 4 of the transcript, which state in pertinent part, however, support this Court's conclusion:

> THE COURT: Commonwealth versus Joshua Williams.  We have five cases here today.  Starting with 2009-6775, counsel please enter your appearance.
> . . .
> THE COURT: Are there any amendments or agreements in this case?
>
> MR. GRANT:  Your Honor, no amendments to the criminal information, but we do have an agreement to a period of probation as set by your Honor to run concurrent with the probation agreement that's been made by ADA Larry Sachs and ADA Mike Berquist on the Defendant's two other cases ending in CC 11756 and CC13294.
>
> THE COURT: Commonwealth versus Williams, 2009-13294?
>
> . . .

indicated on any state court documents as being "linked," it was only in the administrative sense of providing notice that some of the sentences for Defendant's convictions in the State Court Cases were to be served concurrently, and other of the sentences for Defendant's convictions in the State Court cases were to be served consecutively.

Accordingly, for all the reasons set forth above, Defendant's objection to paragraphs 36, 44-46, 48-49, and 51-52 set forth in Defendant's "Second Amended Petition to Interpret and Enforce State Plea Agreement," (Doc. 109), is OVERRULED.

---

THE COURT: Any amendments or agreement here, Mr. Sachs?

MR. SACHS: Your Honor, there is no amendment.  The Commonwealth has agreed to waive the mandatory minimum two-year sentence applicable at Count 2 of the information in exchange for a five-year period of probation to run consecutively to the expiration of the defendant's parole at Case No. 2009-11756, no further penalty to be imposed at the remaining counts.

And just so it's clear, the agreement on the case that this would be consecutive to is going to be five to ten years.

THE COURT:  Commonwealth v. Williams, 2009-11756.

. . .

The Court: Any amendments or agreement in this case?

MR. BERQUIST: Yes, Your Honor.  If it would please the Court, the Commonwealth would withdraw Counts 2, 3, 5, 6, and 7 of the criminal information.  The defendant's going to be entering a guilty plea at Count 1 and Count 4.  We have an agreement to a sentence of not less than five to not more than ten years [imprisonment] at Count 1 of the criminal information.

THE COURT: Any agreement as to probation to follow?

MR. BERQUIST: Your honor, with respect to Mr. Sachs' and Ms. Grant's cases, we have agreements for probation to be served consecutive to the expiration of defendant's parole, but the probation on those matters are to run concurrently.

THE COURT: Thank you. So there would be no further penalty on your case at Count 4?

MR. BERQUIST: That's correct, your Honor.

(Doc. 111-1 at 2-3) (emphasis added).

**D. *Defendant's "Motion to Accept Formal Consolidation Order"*
   (*Doc. 113*) *is an objection to paragraphs* 36, 44-49, and 51-52 of the
   PSIR**

Also pending is Defendant's "Motion to Accept Formal Consolidation Order"

(Doc. 113).

As discussed, *supra.*, with respect to Defendant's "Second Amended Petition to Interpret

and Enforce State Plea Agreement," (Doc. 109), attached to Defendant's "Motion to Accept

Formal Consolidation Order," and subsequent related filings (Doc. 139 and Doc. 140), are

numerous documents from the dockets of the State Court Cases for which Defendant was

sentenced on October 21, 2010, during a single plea and sentencing proceeding.  Defendant

again submits that these documents establish that the state court consolidated his State Court

Cases pursuant to Pa. R. Crim. P. 582, and requests that this Court: (1) accept the documents as a

Formal Consolidation Order pursuant to Rule 582; and (2) hold the State Court Cases are related

for federal sentencing purposes.  (*Id.* at 1, 3).  (*See also* Doc. 128; Doc. 147) (same).  As such,

the Court interprets this "Motion" to be an objection by Defendant to paragraphs 36, 44-49, and

51-52 of the PSIR, all which are implicated by Defendant's "Motion."

Consistent with its denial of Defendant's "Second Amended Petition to Interpret and

Enforce State Plea Agreement," (Doc. 109), *supra.,* having reviewed the documents submitted

by Defendant as evidence of a formal Order of Consolidation having been entered by the state

court, pursuant to Pa. R. Crim. P. 582, with respect to Defendant's State Court Cases, the Court

finds that: (1) these documents do not establish that the state court entered a formal Order of

Consolidation under Rule 582, or otherwise consolidated Defendant's State Court Cases into a

single sentence/conviction;[13] and (2) to the contrary, the documents submitted by Defendant

---

[13] Again, Defendant relies upon *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013) to support his position.  *See* footnote 9 for why the *Davis* court's analysis is not applicable to this case.

clearly establish that Defendant was convicted of separate offenses in five separate criminal cases, and received five separate sentences with respect to his State Court Cases.

Moreover, with respect to Defendant's contention that the Court still must determine whether his State Court Cases are "related" in determining if he is a "career offender" under the Guidelines, in *United States v. Wood*, 526 F.3d 82 (3d Cir. 2008), a precedential decision, the Court of Appeals for the Third Circuit explained: "The provision [Section 4A1.2(a)(2)] in effect at the time of Wood's sentencing distinguishes between unrelated and related cases, and defines relatedness with respect to similarity in either time, facts, or judicial economy. In contrast, the [2007] Amendment has not incorporated the concept of "related" offenses into the main body of § 4A1.2(a)(2)." *Wood*, 526 F.3d at 88.  In other words, under the version of the Sentencing Guidelines applicable to Defendant, in determining whether Defendant is a career offender under Section 4B1.1 of the Guidelines because Defendant has two or more prior predicate felony convictions, the Court's focus is on: (1) "if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.,* the defendant was arrested for the first offense prior to committing the second offense);"[14] and (2) if not, whether the sentences resulted from offenses contained in the same charging instrument, or the sentences for the offenses were imposed on the same day.  *See U.S. v. Marcoccia*, 686 F. App'x. 138, 144 (3d Cir. 2017) (concurrence by J. Krause) (explaining, "[t]hus, in 2007, the Commission amended the Guidelines to eliminate the "related" sentencing provision and to instruct that all prior sentences are considered separate unless there was no intervening arrest and 'the sentences resulted from offenses contained in the same charging instrument[,] or ... were imposed on the same day'"); *U.S. v. Dupree*, 472 Fed. Appx. 108, 112 (3d Cir. 2012) (explaining, "Dupree argues that his three prior drug offenses are

---

[14] U.S.S.G. § 4A1.2(a)(2).

'related' because they were 'functionally consolidated' for sentencing. Although Dupree was sentenced for the offenses on the same day, the offenses were separated by intervening arrests and thus they are not considered 'related'."). And here, the Record supports that Defendant's sentences for his state court convictions for Robbery – Inflict Serious Bodily Injury at CP-02-CR-0011756-2009, and Possession with Intent to Deliver a Controlled Substance, at CP-02-CR-0013294-2009, and CP-02-CR-0017835-2009, were imposed for offenses that were separated by intervening arrests (*i.e.,* was Defendant arrested for the first offense prior to committing the second offense). (Doc. 41, ¶¶ 45, 46, 48).

Accordingly, for all the reasons set forth above, Defendant's objection to paragraphs 36, 44-49, and 51-52 set forth in Defendant's "Motion to Accept Formal Consolidation Order" (Doc. 113), is OVERRULED.

### E.  Defendant's "Motion to Disqualify 18 Pa.C.S. 3701(A)(1)(i) as a Career Offender Predicate" (Doc. 111) **is *an objection to paragraphs 36 and 52 of the PSIR***

Also pending is Defendant's "Motion to Disqualify 18 Pa.C.S. 3701(A)(1)(i) as a Career Offender Predicate." (Doc. 111). In this "Motion," Defendant asserts that his prior conviction for violating 18 Pa.C.S. § 3701(a)(1)(i) ("Section § 3701(a)(1)(i)"), a subsection of Pennsylvania's Robbery statute, does not qualify as a predicate "crime of violence" under the "career offender" provision of the Sentencing Guidelines, Section 4B1.1. (*Id.* at 3). Accordingly, the Court interprets this "Motion" to be an objection by Defendant to paragraphs 36 and 52 of the PSIR, quoted *supra*.

#### 1.  *Parties' Positions*

In support of Defendant's contention that his prior conviction for violating Section 3701(a)(1)(i) does not qualify as a predicate "crime of violence" under Section 4B1.1, Defendant

asserts that Section 3701(a)(1)(i) is not a "crime of violence" because: (1) it can be offended with a *mens rea* of recklessness; and (2) "[t]he factual basis for my guilty plea to [section] 3701(a)(1)(i) was reckless conduct during a robbery that posed a threat of violence," because it was based on the affidavit of probable cause and police report filed in the case, and "[t]he affidavit of probable cause and police report states, I may have possessed a firearm in the course of a robbery."  (*Id.* at 3, Doc. 131 at 2).

To the contrary, the Government asserts that Defendant's conviction under Section 3701(a)(1)(i) qualifies as a "crime of violence" pursuant to Section 4B1.1, if not under the "elements" clause of Section 4B1.2(a), then under the "enumerated" clause of Section 4B1.2(a). (Doc. 120 at 14).

### 2. Title 18 Pa.C.S. § 3701(a)(1)(i) is a "crime of violence" under Section 4B1.2(a)(2) of the Sentencing Guidelines

Section 4B1.2 defines "[t]he term 'crime of violence'" as it is used in Section 4B1.1 as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a).

Title 18 Pa.C.S. § 3701, Pennsylvania's robbery statute, can be violated in a number of alternative ways.[15]  Section 3701(a)(1)(i) provides: "(a) Offense defined.-- (1) A person is guilty

---

[15] A statute is divisible if it "sets out one or more elements of the offense in the alternative. The Court of Appeals for the Third Circuit has determined that "[g]iven the clearly laid out alternative elements of the Pennsylvania robbery statute, it is obviously divisible."  *U.S. v. Blair*, 73 F.3d 218, 225 (3d Cir. 2019).

of robbery if, in the course of committing a theft, he: (i) inflicts serious bodily injury upon

another."  18 Pa.C.S. § 3701(a)(1)(i).

Accordingly, the issue before the Court is whether Defendant's prior conviction for

violating Section § 3701(a)(1)(i) qualifies as a "crime of violence," under either the "elements"

clause, or the "enumerated" clause of Section 4B1.2(a).

### a.  *Elements clause, Section 4B1.2(a)(1)*

The "elements clause" of Section 4B1.2 is Section 4B1.2(a)(1).  Section 4B1.2(a)(1)

provides: "The term 'crime of violence' means any offense under federal or state law, punishable

by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted

use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1).

Defendant asserts, the Government does not contest, and the Court agrees, that because a

robbery conviction in violation of Section 3701(a)(1)(i) can be committed recklessly, a violation

of Section 3701(a)(1)(i) is not a "crime of violence" under the elements clause of Section

4B1.2(a).  *See U.S. v. Quinnones*, 16 F.4th 414, 417 (3d Cir. 2021) (quoting *U.S. v. Chapman*,

866 F.3d 129, 132 (3d Cir. 2017) (explaining that the term, "'use of physical force' in

§ 4B1.2(a)(1) involves the 'intentional employment of something capable of causing physical

pain or injury to another person, regardless of whether the perpetrator struck the victim's

body'").

### b.  *Enumerated clause, Section 4B1.2(a)(2)*

Thus, the next query is whether a robbery conviction in violation of Section

§ 3701(a)(1)(i) can be a "crime of violence" under the "enumerated" clause of Section 4B1.2,

Section 4B1.2(a)(2).  Section 4B1.2(a)(2) provides: "The term 'crime of violence' means any

offense under federal or state law, punishable by imprisonment for a term exceeding one year,

that-- . . .(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex

offense, **robbery**, arson, extortion, or the use or unlawful possession of a firearm described in 26

U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)."  U.S.S.G.

§ 4B1.2(a)(2) (emphasis added).

In *United States v. Scott*, 14 F.4th 190 (3d Cir. 2021), the United States Court of Appeals

for the Third Circuit explained, in discussing Hobbs Act robbery:

> When the Guidelines specifically list an offense, we "compare the elements of the
> crime of conviction to the generic form of the offense as defined by the States,
> learned treatises, and the Model Penal Code." *United States v. Marrero*, 677 F.3d
> 155, 165 (3d Cir. 2012) (quoting *United States v. Lockley*, 632 F.3d 1238, 1242
> (11th Cir. 2011)), vacated on other grounds, 570 U.S. 929, 133 S.Ct. 2732, 186
> L.Ed.2d 930 (2013). The defendant's prior conviction qualifies as a crime of
> violence if "the statutory definition of the prior conviction 'substantially
> corresponds' to the generic definition of the offense." *Id*. (quoting *Taylor v. United
> States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).
>
> Because the Guidelines do not define "robbery," we revert to its generic meaning,
> *see United States v. Graves*, 877 F.3d 494, 501–02 (3d Cir. 2017), which is "the
> taking of property from another person or from the immediate presence of another
> person by force or by intimidation," *United States v. McCan*ts, 952 F.3d 416, 428–
> 29 (3d Cir. 2020). Although the taking itself requires "no more than *de minimis*
> force," we have previously recognized that such use of force necessarily "implies
> personal violence." *Graves*, 877 F.3d at 502–03; *see also Camp*, 903 F.3d at 601–
> 02; *O'Connor*, 874 F.3d at 1155.

*Scott,* 14 F.4th at 196.  *See also U.S. v. McCants*, 952 F.3d 416, 428-429 (3d Cir. 2020), *cert.*

*denied*, 208 L. Ed. 2d 128 (Oct. 5, 2020) (same).

Upon comparison of the elements of the generic crime of robbery, "the taking of property

from another person or from the immediate presence of another person by force or by

intimidation," with the elements of Section 3701(a)(1)(i), "[a] person is guilty of robbery if, in

the course of committing a theft, he: (i) inflicts serious bodily injury upon another," the Court

finds as follows.  Section 3701(a)(1)(i) "falls within the definition of generic robbery," *McCants,*

952 F.3d at 429, because it requires the infliction of serious bodily injury, "which involves more

force – and is therefore categorically narrower - than *de minimis* force," *id.*, which is the force needed to commit generic robbery, *Scott*, 14 F.4th at 196.  Accordingly, Defendant's violation of Section 3701(a)(1)(i): (1) is a "crime of violence" under the enumerated clause of Section 4B1.2(a) of the Sentencing Guidelines; and (2) was correctly treated by the Probation Office as a "crime of violence" in determining whether Defendant was a "career offender" under Section 4B1.1 of the Sentencing Guidelines.

In so holding, the Court explains that while Defendant asserts that "[t]he factual basis for my guilty plea to 18 Pa. C. S.  3701(a)(1)(i) was reckless conduct during a robbery that posed a threat of violence," because it was based on the affidavit of probable cause and police report filed in the case, and "[t]he affidavit of probable cause and police report state, I may have possessed a firearm in the course of a robbery," in determining whether Defendant's prior conviction is a "crime of violence" under the enumerated clause of Section 4B1.2, the facts underlying Defendant's conviction are irrelevant to the query.  *See Borden v. U.S.*, 141 S.Ct. 1817, 1822 (June 10, 2021) (explaining with respect to the categorial approach, "[u]nder that by-now-familiar method, applicable in several statutory contexts, the facts of a given case are irrelevant. The focus is instead on whether the elements of the statute of conviction meet the federal standard."); *Dawson,* 32 F.4th at 260 (explaining, "[w]e use the categorical approach to determine if a past conviction is a career offender predicate, considering only the elements of the conviction statute, not the facts of the defendant's actual misconduct") (citation omitted); *Quinnones*, 16 F.4th at 417–18 (in examining whether a prior conviction is a "crime of violence" under § 4B1.2, "we are required to use the much-criticized categorical approach, which requires that we identify the elements of the statute of conviction, rather than the facts that led to the

conviction, and compare those elements to the definition of "crime of violence") (citations and footnote omitted).

Accordingly, for all the reasons set forth above, Defendant's objection to paragraphs 36 and 51 of the PSIR set forth in Defendant's "Motion to Accept Formal Consolidation Order" (Doc. 113), is OVERRULED.

> **F.  *Defendant's "Motion to Remove Listed Detainer" (Doc. 121) is an objection to Page 2 of the PSIR, which states:  "Detainers: 05/30/2017: Pennsylvanian Board of Probation & Parole – Docket No. CR – 11756-2009"***

Finally, pending is Defendant's "Motion to Remove Listed Detainer," wherein Defendant: (1) requests that the Court remove from page 2 of the PSIR any reference to a detainer because the detainer has been removed; and (2) submits documentation in support thereof.  (Doc. 121).

Page 2 of the PSIR states:  "Detainers: 05/30/2017: Pennsylvanian Board of Probation & Parole – Docket No. CR – 11756-2009."  (Doc. 41 at 2).  The Court interprets this "Motion" to be an objection to the PSIR's statement:  "Detainers: 05/30/2017: Pennsylvanian Board of Probation & Parole – Docket No. CR – 11756-2009."  (*Id.*).

In response, the Government agrees that based upon the evidence submitted by Defendant, and because "[t]he Government has no information indicating that the Parole Board reinstituted its detainer since the June 28, 2019 decision to rescind the detainer[,]" it "believes that the PSIR can be amended to remove reference to an active detainer by the Parole Board." (Doc. 125 at 1-2).

In light of the Government's response, and the lack of evidence to support that the Pennsylvanian Board of Probation & Parole currently has a detainer lodged against Defendant

with respect to Docket No. CR – 11756-2009, Defendant's objection to the PSIR's statement: "Detainers: 05/30/2017: Pennsylvanian Board of Probation & Parole – Docket No. CR – 11756-2009," as set forth in Defendant's "Motion to Remove Listed Detainer," (Doc. 121) is SUSTAINED.  The Probation Office must amend the PSIR to reflect that the Pennsylvanian Board of Probation & Parole does not have a detainer lodged against Defendant with respect to Docket No. CR – 11756-2009.

### III.   CONCLUSION

Consistent with the Court's above rulings on Defendant's "Motions" and "Petitions," which, on review, this Court has determined are objections to Defendant's PSIR (Doc. 41), the Court finds as follows:

First, because the Record supports that: (1) Defendant was at least eighteen years old at the time he committed the instant offenses of conviction; (2) one of Defendant's instant offenses of conviction is a controlled substance offense; and (3) Defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense, the Court finds that Defendant is a career offender under Section 4B1.1 of the advisory Sentencing Guidelines, and the PSIR's designation of Defendant as a career offender at paragraphs 36 and 52 of the PSIR ( Doc. 41, ¶¶ 36, 52), was correct.

Second, the Probation Office shall file an Addendum no later than Monday, September 26, 2022, that amends the PSIR to reflect the following: (1) at paragraph 94 of the PSIR, 21 U.S.C. § 862(a)(1)(C) is not applicable to Defendant, but 21 U.S.C. § 862(b)(1)(B) is applicable to Defendant; and (2) the Pennsylvania Board of Probation & Parole does not have a detainer lodged against Defendant with respect to Court of Common Pleas of Allegheny County Docket No. CR – 11756-2009.

Third, the Court having ruled on all of Defendant's "Motions" and "Petitions" which the Court determined to be objections to Defendant's PSIR (Doc. 41), Defendant is free to make any and all arguments as to Defendant's appropriate sentence in light of any relevant 18 U.S.C. § 3553(a) factors (including arguments germane to Defendant's "Motion for Sentencing Guideline Departures" (Doc. 122)), to the Court at Defendant's sentencing hearing.

SO ORDERED this 22nd day of September, 2022.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All ECF Registered Counsel of Record

Joshua Williams
USMS 38575-068
NEOCC
2240 Hubbard Rd.
Youngstown, OH 44505